BRAKER v. CONNECTICUT INDEMNITY ASS'N.

(Supreme Court, Appellate Division, First Department.   March 25, 1898.)

ASSIGNMENT OF INSURANCE POLICY—RIGHTS OF ASSIGNEE.
    The defendant, a life insurance company, issued a policy of insurance, by the terms of which it agreed to pay a stipulated amount within 90 days after receipt of satisfactory proof of the death of the insured.   The policy was duly assigned by the insured, and after his death satisfactory proofs were submitted, but the company refused payment to the assignee because of noncompliance with certain requirements (not contained in the policy) as to proof

of the assignment. *Held,* that the defendant could not ingraft requirements additional to that contained in the policy, and was not entitled to demand from the assignee proof of the assignment as a condition precedent to the assignee's right to recover, if in fact he was the assignee, and, if it refused to recognize him, it did so at the peril of being compelled to pay in case its objections to his title should prove to be ill founded.

Appeal from trial term.

Action by Henry J. Braker against the Connecticut Indemnity Association. From a judgment entered on a verdict and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Edmond T. Oldham, for appellant.

Charles Henry Butler, for respondent.

RUMSEY, J. The action is brought to recover upon a policy of insurance upon the life of one Alexander Herrmann. By the terms of the policy the defendant agreed to pay the face of it to Adelaide Herrmann, the wife of Alexander Herrmann. Before the death of the insured, Alexander Herrmann and Adelaide Herrmann, for a valuable consideration, assigned the policy to the plaintiff. On the 17th of December, 1896, Alexander Herrmann died. Soon after that time the plaintiff applied to and obtained from the defendant's agent blank proofs to be presented, showing the death of Alexander Herrmann, and on the 7th of January, 1897, there was delivered to the defendant at its office in Waterbury, Conn., what the plaintiff claimed to be sufficient proofs of the death of the insured. On the 27th of that month the secretary of the defendant returned the proofs, for the reason that they were not completed in accordance with the conditions contained therein. The letter returning them inclosed a second blank, with a request that it be completed strictly in accordance with the requirements. This the plaintiff refused to do, insisting that he had complied with all the conditions of the policy in the first proof of loss, and that the 90 days at the end of which the amount of the policy became due began to run on the receipt of these proofs by the company on the 7th day of January, 1897, and saying that he did not propose to extend that time by sending new proofs, three or four weeks afterwards. The defendant, however, insisted upon its claim that the proofs were defective, and thereupon, after the time had expired within which the policy was to be paid, the plaintiff tendered the proper receipts and the policy at the office of the company, and demanded payment of the amount, which was refused, and thereupon this action was brought.

The court at the trial term held that the plaintiff had complied with all the conditions of the policy, and directed a verdict for the plaintiff for the amount of it, to which exception was taken, and thereafter the defendant moved for a new trial upon the minutes, which was denied. Judgment having been entered upon the verdict, this appeal was brought from the judgment and the order.

There is no dispute that the plaintiff was the assignee of the policy, and that his assignment was filed with the company at its main office

shortly after it was made, and that Adelaide Herrmann made no claim under the policy. The blank furnished to the plaintiff by the company, at his request, upon which to make proofs of death, contained upon the back an instruction to the following effect: "Claimant's affidavit is to be executed by the person legally entitled to receive the money. He must state by what title he or she makes the claim, whether as the beneficiary named in the policy, or as  *  *  * or as assignee." The proofs of loss submitted contained an affidavit made by the attorney for the plaintiff to the effect that he claimed to be entitled to receive the money by virtue of an assignment, and that the plaintiff himself was incapacitated by severe sickness from verifying the affidavit. The attorney's affidavit also contained a statement that he had personal knowledge of the assignment. With this the defendant was not satisfied, for some reason, although a copy of the assignment, duly executed, had previously been filed with it, and it demanded further proofs that the claimant was entitled to receive the money. Whether it was entitled to those additional proofs is the only question presented here. The contract between the parties is expressed in the policy. By the terms of the policy the benefits, provisions, and requirements on its back are made a part of the contract, and these benefits, provisions, and requirements of the policy itself constitute the contract, and all the contract, between the parties. By that contract their rights are fixed, and neither party, of course, has the right, without consent of the other, to insist upon any conditions other than those which the contract assures to him. The agreement of the defendant is to pay $10,000, according to the provisions of the contract, within 90 days after the receipt of satisfactory proofs of the death of the insured. All that it can demand before becoming liable to pay was what it had reserved by contract the right to demand, and that was satisfactory proof of death. That requirement entitled it to insist that the fact of death should be shown with reasonable definiteness and certainty, but not to require proofs of any other fact whatever. It was not even entitled to information as to the cause of the death. If the proofs furnished to it contained sufficient evidence of the actual fact of the death, the receipt of those proofs fixed its liability. Buffalo Loan, Trust & Safe-Deposit Co. v. Knights Templar & Masonic Mut. Aid Ass'n, 126 N. Y. 450, 27 N. E. 942. The defendant could not ingraft upon the plaintiff conditions of the policy, by a statement contained in their blank proofs of death, as they called them, any additional requirement to that contained in the contract between the parties. Whether the plaintiff was the assignee of this contract or not was undoubtedly a matter material for the company to know, but it could not require information on that subject to be furnished to it by the plaintiff as a condition precedent to his right to recover upon the policy, if in fact he was the assignee. If it saw fit to refuse to recognize him as such, and to pay him the amount to which he was entitled, it did so at the peril of being compelled to pay in case its objections to his title should prove to be ill founded. No complaint was made by the defendant that the death of Herrmann was not fully and satisfactorily shown. There was no ground, therefore, for its objection to the proofs of death, and the court was correct in

holding that the conditions of the policy in that behalf had been performed. We have examined the other exceptions relied upon by the defendant, and none of them is of any importance.

The judgment and order appealed from are therefore affirmed, with costs. All concur.